# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-50301

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2025

Lyle W. Cayce
Clerk

IN THE MATTER OF MICHAEL ZEPH ROUQUETTE;
ETTA DAWN ROUQUETTE,

*Debtors*,

JOHN PATRICK LOWE,

*Appellant*,

*versus*

INTERNAL REVENUE SERVICE,

*Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:23-CV-4

———————————————————————

Before SMITH, STEWART, and HAYNES, *Circuit Judges*.

PER CURIAM:[*]

The bankruptcy trustee sued the IRS to avoid payments from the bankruptcy estate of Michael and Etta Rouquette, who had prepaid certain taxes two days before filing for bankruptcy. The bankruptcy court ordered

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50301

the IRS to return the payments. On appeal, the district court reversed, reasoning that the payments provided reasonably equivalent value and therefore were not subject to avoidance. The district court explained its ruling in a thorough Order on Bankruptcy Appeal issued March 18, 2025. The court noted, *inter alia*, that the trustee did not carry his burden to prove constructive fraud and that "the Debtors received the reasonably equivalent value of their estimated tax payments because the payments represented a reasonable estimate of their future tax liability [and that] [s]uch payments do not bear the hallmarks of fraud with which Section 548 is concerned."

We have reviewed the record and the applicable law and have heard oral argument. The judgment of the district court is AFFIRMED, essentially for the reasons set forth in the district court's convincing order.